IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UTHAIWAN WONG-OPASI | ) | |
| | ) | |
| v. | ) | NO. 3:05-0494 |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC. | ) | |

TO:  Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By order entered July 6, 2005 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) & (B) and Rule 72(a) and (b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is Defendant's motion (filed November 30, 2006; Docket Entry No. 24) to dismiss. Plaintiff has not filed a response to the motion. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff filed this action on June 21, 2005, against Defendant ITT Educational Services, Inc., asserting claims of unlawful employment discrimination. On July 11, 2005, Defendant filed an answer (Docket Entry No. 4). A scheduling order (Docket Entry No. 5) was entered on August 4, 2005, setting out deadlines for pretrial proceedings in the action.

On October 12, 2005, Defendant filed a motion (Docket Entry No. 6) to compel discovery and extend the scheduling order or, alternatively, to dismiss. On October 28, 2005, Defendant filed a motion (Docket Entry No. 12) to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The basis for both motions was Defendant's assertion that Plaintiff had not responded to written discovery requests. Defendant further stated that Plaintiff's deposition had to be indefinitely rescheduled because of her failure to communicate with counsel for Defendants and to provide a telephone number at which she could be reached.

Plaintiff responded to these motions by moving to proceed in forma pauperis (Docket Entry No. 8), requesting the appointment of counsel (Docket Entry No. 14), seeking a stay of the proceedings (Docket Entry No. 14), filing a notice of temporary absence (Docket Entry No. 16), and filing a response (Docket Entry No. 13). Plaintiff asserted that "while she was eager to prosecute this case, she was, however, preempted from proceeding due to a severe lack of financial resources for high-cost discovery and the deposition processes." See Docket Entry No. 13.

By Order entered October 17, 2005 (Docket Entry No. 10), the motion to proceed in forma pauperis was denied. On September 21, 2006, the Court addressed the remaining pending motions. See Docket Entry No. 18. Plaintiff's request for the appointment of counsel was denied. Plaintiff's request for a stay of proceedings was denied to the extent that any prospective stay was requested and was effectively granted in part to the extent that the passage of time had provided Plaintiff with time to "try to raise the necessary funds for legal costs." The scheduling order was amended to provide additional time for discovery, the filing of discovery motions, and the filing of dispositive motions.

2

Defendant's motion to compel was granted. Plaintiff was ordered to serve responses to Defendant's requests for production of documents by October 5, 2006, and was ordered to appear at a deposition to be scheduled and noticed by Defendant. The Court painstakingly provided advice to Plaintiff regarding compliance with discovery requests, advised her of her obligations as a litigant, and warned her of the consequences of failing to satisfy her discovery obligations. The Court denied Defendant's motions to dismiss as moot in light of the Order but granted Defendant's leave to renew its motion if Plaintiff failed to comply with the Order. See Docket Entry No. 18.

Plaintiff filed a motion (Docket Entry No. 19) for review of the Order. By Order entered November 8, 2006 (Docket Entry No. 23), the Court granted the motion in that it was timely filed but denied Plaintiff's request to reverse the September 21, 2006, order. The Court denied Plaintiff's request for the appointment of counsel and a continuing stay. The Court further ordered Plaintiff to produce documents responsive to Defendant's written discovery requests within fourteen (14) days after service of the Order and warned Plaintiff that her case might be dismissed if she did not comply.

On November 30, 2006, Defendant filed the pending motion to dismiss (Docket Entry No. 24). By its motion, Defendant asserts that, as of November 30, 2006, Defendant's counsel had not received any documents responsive to its discovery requests. Based upon Plaintiff's failure to comply with orders of the Court, Defendant seeks dismissal of the action with prejudice.

Plaintiff has not responded to the motion to dismiss. The record shows that the copy of the November 8, 2006, Order sent to Plaintiff by certified mail at the address she provided to the Court was returned unclaimed. See Docket Entry No. 25.

3

## II. CONCLUSIONS

Rule 37(b) of the Federal Rule of Civil Procedure provides that a court may make such orders "as are just" when a party fails to obey an order to provide discovery. Sanctions are set forth in Rule 37(b)(2), including, but not limited to:

. . .

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(b)(2)(c). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).

It is also well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff's conduct in this case warrants dismissal of the action under Rules 37(b) and 41(b). Despite two Orders from the Court requiring her to respond, she has still not responded to written discovery requests which were served upon her nearly 16 months ago. Her deposition has been held in limbo because of her failure to engage in discovery, and Plaintiff has not provided any legitimate excuse for her failure to engage in discovery. Furthermore, she has ignored the orders of the Court despite being repeatedly warned of the consequences of failure to comply. Because of Plaintiff's

dilatory conduct, this case is effectively in the same place it was a year ago. Defendant has been prejudiced by being unable to resolve the claims brought against it and by being required to expend funds because of the need to repeatedly address discovery issues caused by Plaintiff.

The action should be dismissed with prejudice due to Plaintiff's willfulness and fault in failing to engage in discovery and in disregarding the Court's orders. Plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion and appears to believe that she is free to litigate upon her own terms and whims. Plaintiff has not heeded the warnings of the Court concerning the consequences of her failure to comply with the directives of the Court. Dismissal of the action with prejudice is appropriate in light of Plaintiff's lack of interest in the action, the hardship it would cause Defendant to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse in discovery caused by Plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and Defendant caused by Plaintiff's conduct.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 24) filed by Defendant ITT Educational Services, Inc. be GRANTED and this action be DISMISSED with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                          Respectfully submitted,

                          *(signature)*
                          JULIET GRIFFIN
                          United States Magistrate Judge